500

STATE v. VERNEY PHILLIP BEARDEMPHL.

239 N. W. 2d 458.

February 13, 1976—No. 44840.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, David W. Larson,* and *Michael McGlennen,* Assistant County Attorneys, for respondent.

Heard before Sheran, C. J., and Otis, Rogosheske, Peterson, Kelly, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant was found guilty by a district court jury of first-degree murder, Minn. St. 609.185, and burglary, Minn. St. 609.58, and sentenced by the trial court to concurrent terms of life imprisonment for the murder conviction and 10 years for the burglary conviction. On this appeal from the judgment of conviction, defendant raises claims of illegal search and seizure, improperly suggestive identification procedures, improper admission of evidence of other crimes, improper admission of evidence that defendant had exercised his right to remain silent, and improper admission of photographs of the victim.

We have with great care examined the record and separately considered each of defendant's claims and their claimed cumulative effect upon defendant's right to a fair trial. We conclude that, although circumstantial, the evidence supporting defendant's guilt is overwhelming, the facts and circumstances being wholly consistent with guilt and inconsistent with any theory of defendant's innocence.

Although defendant primarily and quite properly questions the validity of the warrantless search and seizure of incriminating evidence from his sister's apartment, where he was residing at the time of his arrest, and the admission of photographs of the victim, we hold that defendant's objection to the trial court's ruling on these issues, as well as the other issues raised, and his arguments on appeal fall far

short of establishing prejudicial error warranting the granting of a new trial.

Affirmed.

Mr. Justice Scott took no part in the consideration or decision of this case.